STATE, Respondent, v. UREN, Appellant.

(162 N. W. 745.)

(File No. 3974.    Opinion filed May 16, 1917)

1. **Criminal Law—Appeal—Review—Undiscussed Assignments of Error, Deemed Abandoned.**

   All assignments of error except such as are discussed by appellant in his brief, will upon appeal in a criminal case be treated by Supreme Court as abandoned.

2. **Criminal Law—Larceny—Venue—Whether Livestock Stolen in County?—Sufficiency of Evidence.**

   While it was physically possible for the horses stolen to have been outside the county of venue and where owner resided, because stolen when on range, yet, evidence held sufficient to justify verdict that they were in that county when stolen.

3. **Criminal Law—Appeal—Review—Failure to Except to Instruction, Effect.**

   No timely exception having been taken to an instruction complained of on appeal in criminal case, it will be disregarded .

4. **Same—Record—Respondent's Additional Statement, Verity of, in Absence of Reply Brief.**

   In absence of a reply brief, the additional statement in respondent's brief will be taken as a verity.

5. **Same—Record—Failure to Show Misconduct of Counsel—Unavailing Assignment of Error.**

   The record on appeal failing to show alleged misconduct of state's attorney in closing argument to jury, and in his examination of a witness, assignments of error and argument on appeal as to same will be disregarded.

6. **Criminal Law—Error—Non-prejudicial Misconduct of Prosecutor—Harmless Error.**

   Alleged misconduct of state's attorney which could not have prejudiced defendant-appellant, is not ground for reversal; especially where at least one statement complained of was fairly called out by a prior statement of appellant's counsel.

Appeal from Circuit Court, Butte County. Hon. James Mc-Nenney, Judge.

The defendant, William Uren, was convicted of grand larceny; and from a judgment on the verdict, and from an order denying a new trial, he appeals. Affirmed.

*Harry P. Atwater,* and *H. M. Lewis,* for Appellant.

*Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *J. W. Malvin,* State's Attorney, for the State.

(2.)  To point two of the opinion, Appellant cited:  Wooten
v. State, (Ga.) 47 S. E. 193; Cooper v. State, (Ga.) 32 S. E. 23;
State v. Hottle, (Mo.) 78 S. W. 311.

Respondent cited:  Brown v. State, 59 S. W. 1118; Areola v.
State, 48 S. W. 195.

(6.)  To point six of the opinion, Respondent cited:  State
v. Bailey, 29 S. D. 598, 137 N. W 352.

WHITING, J. [1] Appellant, convicted of the crime of grand
larceny, has appealed from the judgment of conviction and from
an order denying a new trial.  The record before us contains
numerous assignments of error, but we shall treat all assignments
abandoned except such as have been discussed by the appellant
in his written argument.

[2] Appellant assigns that the evidence was insufficient to es-
tablish the venue of the crime.  The crime was laid in Butte
county, S. D.  The property alleged to have been stolen was two
horses.  The evidence showed that the owner of the horses lived
in Butte county and that these horses, with others, ranged in
Butte county.  It was physically possible for these horses to have
been outside of Butte county at the time of their larceny because
they were stolen while out on the range, but there was sufficient
evidence to justify the jury in finding that the horses were in
Butte county when taken.

[3, 4] Appellant complains of one of the instructions given
by the court; but, according to the additional statement in re-
spondent's brief, no timely exception to such instruction was taken.
In the absence of a reply brief, the additional statement will, in
accordance with the repeated holdings of this court, be taken as
a verity.

[5, 6] Appellant complains of misconduct on the part of the
state's attorney during the trial of this cause.  Appellant, in his
assignments and in his argument, makes reference to certain al-
leged misconduct on the part of the state's attorney in his closing
argument.  No record of such alleged misconduct appears in the
statement of the record in the printed record herein, and it is
therefore not before this court.  Appellant, in his written argu-
ment, makes certain statements of fact for the apparent purpose
of showing the prejudicial nature of certain statements which it is
claimed were made by the state's attorney during the examination

of a certain witness.  These facts do not appear to have ever been established upon the trial or in any other way made a part of the record herein.  There is certain alleged misconduct which does appear in the record herein but is of a nature that to our minds could not in any manner have prejudiced the appellant. In fact, at least one of the statements of the state's attorney complained of by appellant was fairly called out by a prior statement made by counsel for appellant.

Appellant having failed to show wherein the record presents any prejudicial error, the judgment and order appealed from are affirmed.